**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SAMUEL GUZMÁN, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants.* | No. 1:26-cv-03579-BAH |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS**

Plaintiffs A.G.P., K.M., and J.M.R. move for leave to proceed using their initials in this action, and for an order requiring Defendants to maintain the confidentiality of Movants' identities by using these initials and/or redacting their full names and personally identifying information in all filings, including all exhibits in which their names appear.

Plaintiffs bring this action to challenge Defendants' policy and practice of making immigration arrests without a warrant and without probable cause in Maryland. Each Plaintiff has already been subject to an unlawful, warrantless arrest. ECF No. 1. They continue to live and work in Maryland and have close connections with family members and employers in Maryland. Movants seek to protect information about their pending immigration cases, legal status, and other sensitive matters. Further, they fear that if their identities are publicly disclosed in this action, they and their families risk being subjected to retaliation and harassment by government actors or members of the public. Movants' interest in preserving their privacy and minimizing the risk of retaliation in a case alleging significant and aggressive government overreach far outweighs any prejudice to Defendants posed by nonpublic disclosure of Movants' identities or the public interest in open court proceedings.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) generally requires that the complaint "name all the parties." But the Fourth Circuit has recognized that "compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including [the] use of a pseudonym." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In *James*, the Fourth Circuit listed five non-exhaustive factors to consider when determining whether proceeding pseudonymously is appropriate: "(1) whether the justification asserted by the requesting party is merely to avoid the

annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly; (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238 (enumeration added).

Applying identical factors to a highly similar class action case in Washington, D.C., the U.S. District Court for the District of Columbia permitted the plaintiffs in that case to proceed under their initials. *Escobar Molina v. DHS*, No. 1:25-cv-03417, Dkt. No. 13, at 4 (D.D.C. Oct. 1, 2025) ("The convergence of these privacy interests, concrete safety risks, and the sensitive nature of the underlying personal information creates the type of 'truly exceptional circumstances' that courts have recognized may justify pseudonymous litigation even when programmatic relief is sought."). Similarly, a court in this District permitted the plaintiffs in a class action challenging conditions at the Baltimore ICE office to use pseudonyms. *D.N.N. v. Baker*, No. 1:25-cv-1613, Dkt. No. 69 (D. Md. July 23, 2025) (finding that four of five *James* factors favor anonymity for plaintiffs and granting motion). Plaintiffs A.G.P., K.M., and J.M.R. ask this Court to do the same.

## ARGUMENT

### I. Movants' pseudonymity request is justified to minimize risk of retaliation and other harm to themselves and innocent non-parties, and it will not prejudice Defendants.

Movants warrant relief under the five-factor *James* test because: (1) movants seek anonymity to preserve the privacy of their personally identifying information that corresponds with private immigration proceedings; (2) identification poses a risk of retaliation against Movants and their families; (3) Plaintiffs' suit is against a government entity; and (4) anonymity poses no risk

of unfairness to Defendants, whose counsel will know Plaintiffs' true identities. The remaining *James* factor—Movants' age—is not relevant to this lawsuit.

**A. This Case Involves Sensitive Information about Immigration Status and Other Personal Matters.**

The first *James* factor weighs heavily in Movants' favor because their goal in requesting anonymity is to protect information relating to their confidential immigration cases. Plaintiffs A.G.P. and K.M. are in the midst of pending immigration court proceedings, *see* ECF No. 1 at ¶¶ 12, 13. Plaintiffs J.M.R. and A.G.P. each recently litigated federal habeas petitions leading to their release from immigration detention. *See* ECF No. 1 at ¶¶ 60, 62. Immigration regulations protect information pertaining to non-citizens' immigration proceedings. *See* 8 C.F.R. § 1208.6 (prohibiting disclosure of information "contained in or pertaining to" claims for fear-based relief, such as asylum, withholding of removal, or protection under the Convention Against Torture); Immigr. Ct. Prac. Manual § 1.5(c)(3)(iv) (noting that "the immigration courts take special precautions" to ensure confidentiality in sensitive immigration proceedings); Immigr. Ct. Prac. Manual § 12.2(d) (noting the limitations on FOIA requests to the Immigration Court for information that would infringe on personal privacy.). Similarly, recognizing the sensitive nature of immigration habeas petitions, federal courts restrict public access to filings in those cases and require redaction of personally identifying information, including Social Security numbers, dates of birth, and names of minor children. *See* Fed. R. Civ. P. 5.2. Revealing the full names of Movants, which thereby attaches those names to the facts alleged in the complaint and the evidence accompanying motions in this case, would undermine the aforementioned protections.

More broadly, the complaint, declarations, and other filings in this case discuss Movants' immigration status, which is an inherently sensitive matter. *See Casa de Maryland, Inc. v. Trump*, No. GJH-18-845, 2018 WL 1947075, at *2 (D. Md. Apr. 25, 2018) (noting that Plaintiffs had a

"legitimate" fear of making personally identifying information about their immigration status public in a case); *see also Hispanic Int. Coal. of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247 (11th Cir. 2012) (noting that revealing illegal immigration status could expose one to harassment and intimidation); *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 511 (M.D. Pa. 2007) (holding plaintiffs could proceed without disclosing their identities because of "legitimate[] fear that defendant [municipality] was determined to expose their legal status to federal authorities"), *aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), vacated and remanded on other grounds*, 563 U.S. 1030 (2011); *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1069 (9th Cir. 2000) (finding plaintiffs' "highly vulnerable [immigration] status" was a factor weighing in favor of allowing them to proceed anonymously); *Puente Az. v. Arpaio*, No. CV14-1356-PHX-DGC, 2014 U.S. Dist. LEXIS 166223, at *5 (D. Ariz. Dec. 1, 2014) (allowing undocumented immigrants to file Doe declarations in a challenge to state law criminalizing seeking employment without federal work authorization); *Keller v. City of Fremont*, No. 8:10-cv-270, 2011 WL 41902, at *1–*3 (D. Neb. Jan. 5, 2011) (allowing undocumented immigrant plaintiffs to proceed anonymously in challenge to ballot initiative that would make it unlawful to lease or rent property to undocumented persons).

Release of information about Movants' immigration status may also have an impact on their social interactions and employment. *See J.K. v. Bedell*, No. 1:25-cv-00483-JRR, 2025 WL 694541, at *2 (D. Md. Mar. 3, 2025) (sealing information that would jeopardize the plaintiff's "education and professional future, as well as have an impact on him socially"); *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (recognizing that "disclosure of [named plaintiffs'] immigration status may adversely affect their prospects for gainful employment"). Furthermore, Plaintiff A.G.P. discusses his medical condition in this case, *see* ECF No. 1 ¶¶ 12, 62 and Plaintiff

J.M.R. describes his recent hospitalization after being brutally assaulted by ICE. *See* ECF No. 1 ¶¶ 14, 60. Courts have repeatedly recognized medical information as sensitive and confidential. *See, e.g., Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (finding the first *James* factor weighed in favor of allowing the use of a pseudonym where the plaintiff's claims involved "information about the plaintiff's medical conditions"); *Doe v. RealPage, Inc*., No. 1:24-cv-00885-JRR, 2024 WL 2863545, at *2 (D. Md. June 6, 2024) (noting that examples of "sensitive personal information justifying anonymity" include medical information, domestic violence, and welfare rights). Movants' interest in protecting information about their immigration proceedings, legal status, and medical information strongly weighs in favor of anonymity, and it is not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238.

**B. Identification Poses a Clear Risk of Retaliation Against Plaintiffs.**

For similar reasons, the second *James* factor—the risk to the safety of the movant and of third parties—also weighs strongly in favor of anonymity. This risk is present when an individual "may face psychological harm from having [their] sensitive" information "made permanently available to anyone with Internet access." *EEOC v. Spoa, LLC*, No. Civ. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of [their] identity in connection with" sensitive personal information, anonymity may be warranted. *Chesapeake Med. Sols.*, 2020 WL 13612472, at *2.

Movants face a significant risk of retaliation on social media platforms if their identities were to become public in this case, as social media "influencers" and other members of the public

may dox Movants and harass them and their families online.[1] Moreover, Movants fear retaliatory harm from ICE officials—against both them and their families—if their identities were to become widely known within the agency. Out of fear of ICE activity, Plaintiff J.M.R. and his partner only leave the house when absolutely necessary. ECF No. 1 ¶ 92. Plaintiff A.G.P. specifically seeks to protect his young grandchildren, for whom he serves as a caregiver. ECF No. 1 ¶ 12.

ICE has been the subject of multiple reports and lawsuits regarding retaliation, including putting people in solitary confinement when they file grievances or protest detention conditions.[2] For example, in 2023, after a group of non-citizens in ICE custody at the Orange County Jail in New York protested medical neglect, racism, and physical assault, ICE withheld medication, served rotting food, refused access to family and legal representation, put people in solitary confinement, and transferred them thousands of miles from friends and family.[3] The following year in 2024, non-citizens in ICE custody at the Buffalo Federal Detention Facility in New York filed a lawsuit accusing ICE of unlawfully retaliating against them after they engaged in a hunger strike about ICE ending free phone calls for detained individuals.[4] Movants not only face these specific risks if they are re-detained by ICE in the future, but they also risk harm by ICE officers in the community simply because they are speaking out against ICE through this lawsuit. An ICE

---

[1] *See* María Luisa Paúl, *Her husband was mistakenly deported. Now she's caught in a political frenzy.*, Wash. Post (Apr. 22, 2025), at https://www.washingtonpost.com/immigration/2025/04/21/jennifer-vasquez-sura-kilmarabregro-garcia-wife (describing family of Kilmar Abrego García moving to a safe house following online harassment); Jessica Pishko, *The Private Citizens Who Want to Help Trump Deport Migrants*, The New Yorker (June 6, 2025), at https://www.newyorker.com/news/the-lede/theprivate-citizens-who-want-to-help-trump-deport-migrants.

[2] *See* Vanessa Romo, *The system meant to protect ICE detainees has collapsed,* NPR (Aug. 20, 2026) athttps://www.npr.org/2026/08/20/nx-s1-5850361/grievance-ice-detention-immigrants

[3] *See* Michael Paul Jackson, *Detained Immigrants Sue ICE and NY Officials for Retaliation Against First Amendment Protected Protest,* The Bronx Defenders, (Apr. 4, 2023), available at https://www.bronxdefenders.org/detained-immigrants-sue-ice-and-ny-officials-for-retaliation-against-first-amendment-protected-protest/.

[4] *See Advocates Demand Investigation into ICE's Retaliation and Abuse Against Hunger Strikers at Buffalo Detention Center,* CCR, (July 10, 2024), available at https://ccrjustice.org/home/press-center/press-releases/advocates-demand-investigation-ices-retaliation-and-abuse-against.

officer recently pepper-sprayed a 72-year-old woman who was filming agents in New York City,[5] and another officer pointed a gun at a woman who shouted at officers in Virginia.[6]

**C. This Case Challenges Governmental Activity.**

The fourth *James* factor weighs in favor of anonymity because Plaintiffs' class action challenges government activity. This factor tips in favor of anonymity when the case is brought against the government, as opposed to an individual or private party, because "[a]ctions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *J.K.*, 2025 WL 694541, at *3 (citing *Doe v. Pittsylvania Cnty*., 844 F. Supp. 2d 724, 730 (W.D. Va. 2012)). Courts have repeatedly held that when actions are against government entities and government actors in their official capacities, this fourth *James* factor "weighs in favor of allowing the parties to proceed with pseudonyms." *See, e.g.*, *N.C. by J.C. v. Bd. of Educ. of Baltimore Cnty*., No. 1:24-cv-00367-JRR, 2024 WL 1856293, at *3 (D. Md. Apr. 29, 2024).

Furthermore, anonymity is more warranted in cases where the identities of the plaintiffs are not material to the suit challenging widespread government policies and practices. *See Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) ("[T]he public interest in the identity of the [plaintiffs] is reduced because the claim is a pure legal challenge [to the government action] such that the individual plaintiffs play only a minor role in the litigation."); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)

[5] *See* Andrew Ramos, *72-year-old NYC woman who says she was pepper-sprayed by ICE agent now pursuing legal action,* CBS News (Aug. 2, 2026), at https://www.cbsnews.com/newyork/news/nyc-woman-pepper-sprayed-ice-agent-inwood/

[6] *See* De'Anthony Taylor, *Lawmakers demand answers after ICE agent points gun at Virginia woman,* ABC News (Aug. 19, 2026) at https://wjla.com/news/local/virginia-woman-in-viral-ice-falls-church-gun-pointing-incident-lawmakers-capitol-hill-immigration-officer-danger-lawyers-immigration-dashcam-law-enforcement

("[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.").

**D. Plaintiffs' Anonymity Does Not Present a Risk of Unfairness to Defendants.**

The fifth *James* factor weighs in favor of anonymity, and the government will not be prejudiced by it, because counsel for Defendants will know Movants' true identity. *J.K.*, 2025 WL 694541, at *3 ("Where Defendants know the true identity of Plaintiffs" and are thus able to fully respond to all the allegations brought against them, "there is no risk of prejudice to Defendants' defense."); *Escobar Molina*, No. 1:25-cv-03417, Dkt. No. 13, at 4 ("[T]he last factor— whether letting Plaintiffs proceed pseudonymously would prejudice Defendants—is not implicated because Defendants will know Plaintiffs' identities."). Attached as Exhibit 1 to this motion, Plaintiffs have provided a document listing the identities of all Requesting Plaintiffs.

**CONCLUSION**

On balance, all the applicable *James* factors weigh strongly in favor of Movants' anonymity in Plaintiffs' class action lawsuit. This proposed course of action appropriately balances the rights of the press and the public to access judicial documents with these individuals' compelling interest in protecting personally identifiable information and avoiding retaliation. Furthermore, proceeding with pseudonyms and redacted filings is a "less drastic alternative[] to sealing," which is favored by this Court. *See, e.g.*, *Simpson v. Tech. Serv. Corp.*, Civ. No. DKC-14-1968, 2015 WL 6447253, at *3 (D. Md. Oct. 22, 2015); D. MD. Loc. R. 105.11 (requiring an explanation regarding the appropriateness of alternatives to sealing). Movants therefore respectfully request that the Court grant this motion and order the relief contained in the attached proposed order.

Dated: September 9, 2026

Respectfully submitted,

/s/ Jerome A. Murphy
Jerome A. Murphy (D. Md. Bar No. 27678)
Jared A. Levine (*pro hac vice forthcoming*)
CROWELL & MORING LLP
600 Fifth Street, NW
Washington, DC 20001
Tel: (202) 624-2500
Fax: (202) 628-5116
JMurphy@crowell.com
jlevine@crowell.com

Shana H. Khader (*Application for admission pending*)
Alice N. Barrett (D. Md. Bar No. 32180)
CASA, Inc. dba We Are CASA
P.O. Box 7277
Hyattsville, MD 20787
Tel: (240) 406-4348 (S. Khader)
Tel: (240) 378-3445 (A. Barrett)
skhader@wearecasa.org
abarrett@wearecasa.org

Sabrina S. Merold (*Application for admission pending*)
Kit A. Pierson (D. Md. Bar No. 11253)
Alison S. Deich (*Application for Admission pending*)
COHEN MILSTEIN SELLERS & TOLL LLP
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
smerold@cohenmilstein.com
kpierson@cohenmilstein.com
adeich@cohenmilstein.com

Ian Austin Rose (D. Md. Bar No. 22079)
Adina Appelbaum (D. Md. Bar No. 32089)
Samantha Hsieh (D. Md. Bar No. 32092)
Lauren Hodges (D. Md. Bar No. 32272)

AMICA CENTER FOR IMMIGRANT RIGHTS
1025 Connecticut Ave. NW Ste. 701
Washington, DC 20036
Tel. 202-788-2509
Austin.rose@amicacenter.org
Adina@amicacenter.org
Sam@amicacenter.org
Lauren@amicacenter.org

Deborah A. Jeon (D. Md. Bar No. 06905)
David Rocah (D. Md. Bar No. 27315)
Sonia Kumar (D. Md. Bar No. 07196)
Gina Branch Elleby (D. Md. Bar No. 32059)
AMERICAN CIVIL LIBERTIES UNION OF MARYLAND
3600 Clipper Mill Road, Suite 200
Baltimore, Maryland 21211
Tel.: 410-889-8555
jeon@aclu-md.org
rocah@aclu-md.org
kumar@aclu-md.org
elleby@aclu-md.org

Yulie Landan*(*Pro hac vice forthcoming)*
NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD ("NATIONAL IMMIGRATION PROJECT")
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
(213) 430-5521
yulie@nipnlg.org

*Not admitted in the District of Columbia; working remotely from New York and admitted in California

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I electronically filed this Memorandum of Law in Support of Motion to Proceed Under Pseudonyms, via the cm/ecf system.

September 9, 2026

/s/Jerome A. Murphy
Jerome A. Murphy